## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| SHERMAINE L. HILL, | |
| Plaintiff, | CASE NO. 1:20-cv-25214 |
| v. | |
| MIDLAND CREDIT MANAGEMENT, INC, | JURY TRIAL DEMANDED |
| Defendant. | |

## **COMPLAINT**

NOW comes Plaintiff SHERMAINE L. HILL, by and through her undersigned attorneys, and complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC., asserts the following claims:

### JURISDICTION, PARTIES AND VENUE

1. Plaintiff SHERMAINE L. HILL ("Plaintiff") brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

2. Plaintiff is a consumer who is a Citizen of the State of Florida and lives within this judicial district.

3. Defendant MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") is a collection company that that attempts to collect debts that have been sold from original creditors to an entity known as Midland Credit Funding, LLC ("Midland Funding").

4. Defendant is incorporated in the State of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

5. This civil action arises under and is brought pursuant to the FDCPA and subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts substantial debt collection business in this judicial district and the subject collection letters and envelopes used to mail the collection letters were sent to Plaintiffs' residential address which located within this judicial district.

### FACTS SUPPORTING CAUSES OF ACTION

6. Defendant operates as a debt collector for consumer-based credit card debts that it purports to own and for consumer accounts that are purportedly owned by Midland Funding.

7. This civil action arises out of Defendant's repeated attempts to collect a purported Comenity Bank credit card debt (the "Subject Debt") from Plaintiff.

8. Defendant's efforts to adhere to certain requirements of the FDCPA plausibly suggest that Defendant regarded the Subject Debt to be a "debt" as this term is defined by the FDCPA.

9. Within the past year, Defendant sent Plaintiff numerous collection letters in attempting to collection the Subject Debt.

10. One or more of the envelopes that Defendant used to send the subject collection letters were mailed to Plaintiff inside of envelopes that contained the words "**TIME SENSITIVE DOCUMENT**" on its exterior in bold font.

11. A true and accurate image of one of the "**TIME SENSITIVE DOCUMENT**" envelopes is depicted below:



12. One or more of the envelopes that Defendant used to send the subject collection letters were mailed to Plaintiff inside of envelopes that contained the words "IMPORTANT DOCUMENT ENCLOSED, ATTENTION REQUESTED" on its exterior in embossed (raised) lettering.

13. A true and accurate image of one of the "IMPORTANT DOCUMENT ENCLOSED, ATTENTION REQUESTED" envelopes is depicted below:



14. When Plaintiff observed the "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED, ATTENTION REQUESTED", her attention was immediately drawn to these words.

15. Defendant used the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED, ATTENTION REQUESTED", as opposed to using plain envelopes, because Defendant knew that consumers like Plaintiff would be drawn to these words, and thus more likely to open the envelopes and contact Defendant about the contents of the enclosed letters.

16. Reading the words "**TIME SENSITIVE DOCUMENT**" caused Plaintiff to worry about the contents of the enclosed letter, as she was concerned about the so-called "**TIME SENSITIVE**" nature of the enclosed collection letter. Plaintiff's response was consistent with Defendant's intentions.

17. Plaintiff immediately grew nervous and anxious to learn the contents of the letter that was contained within the so-called time "**TIME SENSITIVE**" nature of the enclosed collection letter. This response was consistent with Defendant's intentions.

18. As a result of the "**TIME SENSITIVE DOCUMENT**" disclosure on the face of the subject envelopes, Plaintiff immediately opened the collection letter to determine why Defendant designated the enclosed collection letter as being "**TIME SENSITIVE**". This response was consistent with Defendant's intentions.

19. Reading the words "IMPORTANT DOCUMENT ENCLOSED, ATTENTION REQUESTED" caused Plaintiff to worry about the contents of the enclosed collection letter, as she was concerned to learn why the "IMPORTANT" nature of the enclosed collection letter and why Defendant wrote "ATTENTION REQUESTED" on the face of the envelope. This response was consistent with Defendant's intentions.

20. As a result of the "IMPORTANT DOCUMENT ENCLOSED, ATTENTION REQUESTED" disclosure on the face of the subject envelopes, Plaintiff immediately opened the collection letter to determine why Defendant designated the enclosed collection letter as being and "IMPORTANT DOCUMENT" which was marked with the words "ATTENTION REQUESTED". This response was consistent with Defendant's intentions.

21. Defendant sends collection letters inside of envelopes marked "**TIME SENSITIVE DOCUMENT**" in an attempt to cause consumers to open the envelopes, read the enclosed letter, and call or otherwise interact with Defendant regarding the subject debt.

22. Defendant sends collection letters inside of envelopes marked "IMPORTANT DOCUMENT ENCLOSED, ATTENTION REQUESTED" in an attempt to cause consumers to

open the envelopes, read the enclosed letter, and call or otherwise interact with Defendant regarding the subject debt.

23. Defendant has determined that it collects more money from consumers when it sends letters enclosed within envelopes marked with the words, "**TIME SENSITIVE DOCUMENT**", notwithstanding the fact that Section 1692f(8) of the FDCPA prohibits this type of wording.

24. Defendant has determined that it collects more money from consumers when it sends letters enclosed within envelopes marked with the words, "IMPORTANT DOCUMENT ENCLOSED, ATTENTION REQUESTED", notwithstanding the fact that Section 1692f(8) of the FDCPA prohibits this type of wording.

25. Defendant's unlawful use of the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED, ATTENTION REQUESTED" on its envelopes created a false sense of urgency for Plaintiff who was struggling to pay down her debts after encountering financial difficulties beyond her control.

26. Further, Defendant's unlawful use of the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED, ATTENTION REQUESTED" on its envelopes caused third-parties to realize that Plaintiff owed money to a debt collector where the Subject Debt –based upon the specific words chosen by Defendant informed third-parties that Plaintiff owed a debt that was "**TIME SENSITIVE**" in nature or where an "IMPORTANT DOCUMENT [WAS] ENCLOSED" and/or that the enclosed collection letter required Plaintiff's "ATTENTION".

27. After Plaintiff opened the so-called "**TIME SENSITIVE DOCUMENT**" envelope, she was frustrated and distressed to after learning there was no content that was

obviously or clearly "**TIME SENSITIVE**" relative to the contents of the collection letter contained within the envelope.

28. After Plaintiff opened the so-called "IMPORTANT DOCUMENT [WAS] ENCLOSED" envelope, she was frustrated and distressed to after learning there was no content that was obviously or clearly "IMPORTANT" relative to the contents of the collection letter contained within the envelope.

29. As discussed above, third-parties who recognized that the subject letters were sent by Defendant (a "debt collector" as commonly known and as defined by the FDCPA) were informed by Defendant's chosen words that enclosed debt collection letters contained "**TIME SENSITIVE**" documents. This presumption was consistent with the purpose behind Defendant's use of the subject language.

30. As discussed above, third-parties who recognized that the subject letters were sent by Defendant (a "debt collector" as commonly known and as defined by the FDCPA) were informed by Defendant's chosen words that enclosed debt collection letters constituted "IMPORTANT DOCUMENT[S]". This presumption was consistent with the purpose behind Defendant's use of the subject language.

31. As a result of Defendant's purposeful and knowing conduct, Plaintiff suffered concrete harm as a result of Defendant's actions, in the form of confusion, aggravation, embarrassment and emotional distress.

32. Plaintiff was further subjected to deceptive and misleading conduct by Defendant which materially impacted and shaped her reaction and course of conduct in response to Defendant's collection efforts. For example, in an attempt to pay down the Subject Debt as a result of Defendant using the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT

DOCUMENT ENCLOSED, ATTENTION REQUESTED", Plaintiff attempted to collect funds necessary to pay down the Subject Debt – at the expense of not paying down a debt that was in fact more words "**TIME SENSITIVE**" and/or "IMPORTANT" than the Subject Debt.

33. Defendant's conduct also posed a material risk of harm to the interests protected by the FDCPA, including Plaintiff's interest in receiving truthful and accurate information regarding Defendant's collection efforts,

34. Defendant's conduct also violated one of the FDCPA's identified interests in ensuring that otherwise compliant debt collectors are not disadvantaged in the marketplace through unlawful conduct.

35. Plaintiff is a "consumer" as defined by Section 1692a(3) of the FDCPA.

36. Defendant is a "debt collector" as defined Section 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

### COUNT I – VIOLATIONS OF SECTION 1692E OF THE FDCPA

37. Plaintiff repeats and alleges paragraphs 1 through 36 as though fully set forth herein.

38. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt.

39. Defendant violated §1692e when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendant to implicitly represent that

it could include the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED, ATTENTION REQUESTED" printed on an envelope containing a collection letter that was not inherently time-sensitive in nature.

40. The FDCPA specifically prohibits debt collectors from including this type of language on its envelopes, thus Defendant acted deceptively by including it in clear violation of the FDCPA.

41. Defendant's actions only served to stress out and embarrass Plaintiff and force her to open the subject envelopes for the purpose of increasing the likelihood with which Defendant would be able to obtain money from Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF SECTION 1692E(2) OF THE FDCPA

42. Plaintiff repeats and alleges paragraphs 1 through 36 as though fully set forth herein.

43. Section 1692e(2), prohibits a debt collector from engaging in any "false representation of – (A) the character, amount or legal status of any debt[.]"

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF SECTION 1692E(10) OF THE FDCPA

44. Plaintiff repeats and alleges paragraphs 1 through 36 as though fully set forth herein.

45. Section §1692e(10) prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt.

46. Defendant violated § 1692e(10) when it used deceptive means to collect and/or attempt to collect the subject debt.

47. Specifically, it was deceptive for Defendant to implicitly represent that it could include the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED, ATTENTION REQUESTED" printed on an envelope containing a collection letter that was not inherently time-sensitive in nature.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

    d. Enjoining Defendant from further contacting Plaintiff; and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT IV – VIOLATIONS OF SECTION 1692F(8) OF THE FDCPA

48. Plaintiff repeats and alleges paragraphs 1 through 36 as though fully set forth herein. Section 1692f(8), prohibits a debt collector from:

> "Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."

49. Defendant violated § 169f(8) when it unfairly attempted to collect upon the subject consumer debt by using the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED, ATTENTION REQUESTED" printed on the front of the subject envelopes violates 15 U.S.C. § 1692f(8).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

    d. Enjoining Defendant from further contacting Plaintiff; and

    e.   Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 22, 2020                                          Respectfully submitted,

                                                                   */s/ Alexander J. Taylor*
                                                                   Alexander J. Taylor, Esq.
                                                                   Sulaiman Law Group, Ltd.
                                                                   2500 S. Highland Ave.Ste 200
                                                                   Lombard, IL 60148
                                                                   Phone: (630) 575-8181
                                                                   ataylor@sulaimanlaw.com
                                                                   *Attorney for Plaintiff*